IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMMANUEL KAPAHU and<br>EVANGELINE KEAHI KAPAHU,<br><br>        Plaintiff,<br><br>  vs.<br><br>BAC HOME LOANS SERVICING, LP;<br>SECURITY NATIONAL MORTGAGE<br>COMPANY; NEW HORIZONS<br>FINANCIAL, INC.,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 10-00097 JMS/BMK<br><br>ORDER GRANTING DEFENDANT<br>BAC HOME LOANS SERVICING,<br>LP'S MOTION TO DISMISS, OR<br>IN THE ALTERNATIVE, FOR A<br>MORE DEFINITE STATEMENT |

**ORDER GRANTING DEFENDANT BAC HOME LOANS SERVICING,
LP'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT**

**I. INTRODUCTION**

On February 24, 2010, Plaintiffs Emmanuel Kapahu and Evangeline Keahi Kapahu ("Plaintiffs"), filed a Complaint seeking to enjoin Defendants BAC Home Loans Servicing, LP ("BAC"), Security National Mortgage Company ("SNMC"), and New Horizons Financial, Inc. ("NHF") (collectively, "Defendants") from conducting foreclosure procedures on real property located at 41-1380 Laukalo Street, Waimanalo, Hawaii 96795-1226 (the "Property") and seeking damages.

On March 15, 2010, BAC filed a Motion to Dismiss, or in the

Alternative, for a More Definite Statement ("BAC's Motion"). BAC argues, among other things, that the Amended Complaint is so conclusory that it fails to state a claim upon which relief can be granted. For the following reasons, the court agrees and GRANTS BAC's Motion. The court DISMISSES Plaintiff's Amended Complaint and GRANTS Plaintiff leave to file a second amended complaint by August 2, 2010.

## II. BACKGROUND

### A.   Factual Background

As alleged in the Amended Complaint, at some point in time, Plaintiffs purchased the Property through financing, and when they had difficulty making payments, they approached NHF to assist them in refinancing the loan. Am. Compl. ¶¶ 7-9. NHF obtained a loan for Plaintiffs with SNMC, which made the principal of Plaintiffs' original loan higher. *Id.* ¶¶ 11, 13. Plaintiffs allege that in providing the loan to Plaintiffs, neither NHF nor SNMC followed "proper underwriting standards" in providing the loan, nor provided "timely notice of various terms of the loan, including, but not limited to, the initial and final truth in lending disclosures, the good faith estimate, the HUD settlement statements, and notification of other rights" of Plaintiffs. *Id.* ¶¶ 11-12.

SNMC subsequently sold the note and mortgage to Countrywide

Bank, FSB ("Countrywide"). *Id.* ¶ 14. Plaintiffs had problems making the higher loan payments and sought loan assistance. *Id.* ¶¶ 15-16. In response, Countrywide advised Plaintiffs to take a second mortgage so that Plaintiffs could pay off some of their existing debts and allow Plaintiffs to better pay the first mortgage. *Id.* ¶ 17. Plaintiffs allege that Countrywide employees completed the application for the second mortgage, overstating Plaintiffs' income to increase the chances of qualifying for a loan. *Id.* ¶¶ 19, 21. Further, the application as completed was not explained to Plaintiffs, and they were not provided a completed, signed and dated copy of the application, initial loan disclosures, or a signed and dated good faith estimate. *Id.* ¶¶ 19, 22, 24, 26, 27. As a result, Plaintiffs did not understand the true terms of the loan being proposed. *Id.* ¶ 24.

Plaintiffs further allege that Countrywide failed to provide Plaintiffs "within the time required by law" a signed and dated Good Faith Estimate Disclosure, a signed and dated Servicing Transfer Disclosure, or an Adjustable rate booklet. *Id.* ¶ 28. Countrywide also failed to provide Plaintiffs signed and dated initial truth in lending disclosures, a signed and dated final truth in lending statement, a signed and dated final HUD-1 Settlement Statement, the "required Gramm, Leach, Bailey Act disclosures concerning [Plaintiffs'] right of privacy as to future disclosures of confidential and personal financial information," or

disclosures of their rights under the Fair and Accurate Credit Transactions Act. *Id.* ¶¶ 26, 27, 29-31.  Finally, Countrywide also allegedly failed to (1) explain that Plaintiffs could compare terms with other lenders and/or qualify for loan modification, (2) give Plaintiffs reasonable time to compare terms with other lenders, (3) disclose Plaintiffs' consumer rights to rescind or cancel the loan, (4) disclose the interest rate and/or annual percentage interest rate and actual anticipated interest over the life of the loan, or (5) explain that it intended to sell the note and/or mortgage and that Plaintiffs' loan was at high risk of failure. *Id.* ¶¶ 33-38.

On June 28, 2007, Countrywide recorded a mortgage. *Id.* ¶ 39. Subsequently, "the note and/or mortgage and/or portions thereof were sold and/or transferred to BAC." *Id.* ¶ 40.  Plaintiffs experienced hardship paying the mortgage after their income decreased and expenses increased. *Id.* ¶ 42.  Plaintiffs therefore approached Defendants to modify the loan, but Defendants allegedly failed to negotiate in good faith with Plaintiffs to allow them time to obtain a loan modification. *Id.* ¶¶ 42, 44.  Instead, Defendants sought to foreclose on the Property. *Id.* ¶¶ 44, 45.

**B.      Procedural Background**

On February 24, 2010, Plaintiffs filed their Complaint, and on March 2, 2010, Plaintiffs filed an Amended Complaint.[1] The Amended Complaint alleges claims labeled Violation of Statutory Duties (Count I), Fraud (Count II), Mistake (Count III), Unconscionability (Count IV), Unfair and Deceptive Acts or Practices (Count V), Breach of Fiduciary Duties (Count VI), Failure to Act in Good Faith (Count VII), Injunctive Relief (Count VIII), Recoupment (Count IX), Unjust Enrichment (Count X), and Negligent and/or Intentional Infliction of Emotional Distress ("NIED" and/or "IIED") (Count XI).

On March 15, 2010, BAC filed its Motion. Plaintiffs filed their Opposition on June 23, 2010, and filed a First Supplemental Memorandum in Opposition on June 24, 2010. BAC filed its Reply on July 2, 2010. A hearing was held on July 7, 2010.

///

///

///

---

[1] The only difference between the two Complaints is that the Amended Complaint is signed by counsel. Plaintiffs nonetheless argue that the court should not consider BAC's Motion because the Plaintiffs have yet to serve the Amended Complaint on BAC. The court rejects this argument as elevating form over substance -- BAC's arguments are equally applicable to both pleadings.

## III. **STANDARDS OF REVIEW**

A.  **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

In order to state a claim upon which relief may be granted, a

complaint must also comply with the mandates of Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. *McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accuasation[s]," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do." *Iqbal*, 129 S. Ct. at 1949 (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id*. (citation and quotation signals omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."

(citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV.  DISCUSSION

BAC argues that the Amended Complaint should be dismissed for a variety of reasons, and the court addresses BAC's arguments in turn.

### A. Pre-Condition to Filing Action

BAC argues that the mortgage loan at issue requires Plaintiffs to provide Defendants written notice of their alleged breaches of the mortgage prior to bringing this action. *See* BAC Mot. at 2-3. As a result, BAC contends that Plaintiffs have not, and cannot, comply with Federal Rule of Civil Procedure 9(c), which provides in relevant part that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."

Contrary to BAC's argument, Rule 9(c) does not create an affirmative requirement that a claimant plead that all conditions precedent have been met --

"Rule 9(c) does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made." *Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1124 (9th Cir. 1998); *see, e.g.*, *City & County of San Francisco v. Tutor-Saliba Corp.*, 2005 WL 645389, at *19 (N.D. Cal. Mar. 17, 2005) ("Pursuant to the Ninth Circuit authority explicated in *Kiernan*, 150 F.3d at 1124, Plaintiffs are not required to plead that they have fulfilled the conditions precedent set forth in the Bonds at all. Therefore, the pleadings they point to in their opposition are more than sufficient to meet Rule 9(c)'s requirement."). Accordingly, the court rejects that the Amended Complaint must be dismissed for Plaintiffs' failure to plead that all conditions precedent have been met.

**B.     The Specific Counts of the Amended Complaint**

BAC argues that all of the Counts of the Amended Complaint are wholly conclusory, failing to meet the requirements of Rules 8, 9, and 12.  The court analyzes each Count of the Amended Complaint.

*1.     Count I*

Count I, labeled "Violation of Statutory Duties," alleges that "Defendant or one or more of them" violated "various statutory duties pursuant to the Real Estate Settlement Procedures Act (12 USC 2601 et seq.), the Equal Credit Opportunity Act (Reg. B, 12 CFR 202), [] the Fair Credit Reporting Act (15 USC

1681), and the Truth in Lending Act (12 CFR Sec. 226.23(h) et alia." Am. Compl. ¶ 56. While the Background of the Amended Complaint outlines a laundry list of Countrywide's alleged failures to provide various documents and information to Plaintiffs, Count I fails to identify what particular conduct Plaintiffs assert violates each of these laws, or even the particular provisions of these laws that Defendants allegedly violated. By failing to put forth any specific factual or legal allegations -- and link those allegations to the particular statutory violations -- Plaintiffs do not provide Defendants with fair notice of the wrongs they have allegedly committed. Further, given that Plaintiffs assert these claims against BAC as an assignee of the mortgage from Countrywide, the Amended Complaint fails to include sufficient factual allegations to explain why BAC should be held liable. *See* 15 U.S.C. § 1641(a) (stating that assignee liability for damages lies "only if the violation . . . is apparent on the face of the disclosure statement, except where the assignment was involuntary").

Accordingly, the court finds that Count I fails to comply with the requirements of Rule 8 and DISMISSES Count I with leave to amend.[2]

---

[2] Because the court dismissed Count I with leave to amend for failure to comply with Rule 8, the court does not reach BAC's arguments regarding the statute of limitations. Any future motion on this ground, however, must consider that a claim may be dismissed under Rule 12 as "barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at*

(continued...)

### 2. *Counts II and III*

Count II, titled "Fraud," alleges that:

> Defendant or one or more of them breached their duties by misrepresenting [Plaintiffs'] income, by misrepresenting and/or concealing material facts, such as the misstatement of [Plaintiffs'] income, the failure of defendant or one or more of them to follow reasonable underwriting guidelines to qualify [Plaintiffs] for a loan, properly disclose the true terms of the loan, properly disclose the true amount of interest Plaintiffs would have to pay over the life of the loan, that property values were declining and would likely continue to do so in the foreseeable future, that they were likely to exhaust their savings and then not be able to pay the subject note, had a high likelihood of defaulting on the note, [and] that there would not be sufficient equity in the Property if they tried to refinance.

Am. Compl. ¶ 61.

Count III, titled "Mistake," pleads in the alternative that if fraud is not found, then "the transaction was entered into based upon mutual mistake which entitles [Plaintiffs] to rescission of the note and mortgage and/or reimbursement of

---

[2](...continued)
*Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (quotations and citations omitted)). Stated in more general terms, judgment on the pleadings is proper only if it is clear "on the face of the pleadings that no material issue of fact remains to be resolved;" if the district court must go beyond the pleadings to resolve an issue, "[j]udgment on the pleadings is improper[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

all monies that were paid . . . ." *Id.* ¶ 67.

These allegations are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims. *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiffs fail to plead the time and place of the fraud and/or mistake -- indeed, the only date the entire Amended Complaint provides is that Countrywide recorded a mortgage on June 28, 2007. *See id.* ¶ 39. The Amended Complaint, however, mentions two different mortgage loans, but never mentions their amounts, when Plaintiffs contacted each of the Defendants, or the dates these mortgages were entered into.

Even more glaring, however, is that Plaintiffs fail to even identify which Defendants committed each alleged act of misconduct. From the Background section of the Amended Complaint, it is wholly unclear what actions BAC took that can form the basis of a fraud and/or mistake claim. *See also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). While the Amended Complaint asserts that "[t]he acts and/or omissions of defendant or one or more of them were known and/or should have been known to BAC and/or are imputed to BAC," Am. Compl. ¶ 41, this

assertion is a legal conclusion entitled to no weight.  *See Iqbal*, 129 S. Ct. at 1949. Further, the Amended Complaint fails to allege grounds for derivative liability on the state law claims against BAC.  *See, e.g.*, *Stoudt v. Alta Fin. Mort.*, 2009 WL 661924 at *2 (E.D. Pa. Mar. 10, 2009) (stating that fraud claims are "inappropriate to assert against an assignee where there are no allegations that the assignee had any contact with the mortgagor or made any representations to the mortgagor and the factual basis for the claims occurred prior to assignment of the mortgage loan").  The court therefore DISMISSES Counts II and III with leave to amend.

        *3.*     *Count IV*

Count IV, titled "Unconscionability," alleges that Plaintiffs "did not understand the loan transaction, or the true terms of the note and mortgage, and [were] not fully and timely informed of the same by defendant or one or more of them," such that "the terms and conditions of the note and mortgage are unconscionable."  Am. Compl. ¶¶ 70-71.

This threadbare recital of the general elements of a cause of action is insufficient to state a claim -- it remains unclear what precise loan transaction is at issue, what terms and conditions of the mortgage loan Plaintiffs assert are unconscionable, how Plaintiffs believe those terms and conditions are unconscionable, and the factual basis for why each Defendant is liable for this

claim. Accordingly, the court DISMISSES Count IV with leave to amend.

4. *Count V*

Count V, titled "Unfair and Deceptive Acts or Practices," alleges that the "wrongful acts and/or omissions of defendant or one or more of them constitute unfair and deceptive acts and practices in the conduct of business in violation of federal (15 USC Sec. 1802 et seq.) and state laws (HRS Sec. 480-2 and 480-13)." Am. Compl. ¶ 73.

The federal statute Plaintiff cites -- 15 U.S.C. § 1802 *et seq.* -- is found in the United States Code chapter on Newspaper Preservation. It therefore appears that Plaintiff cited this statute in error and in any event has not pled sufficient facts to explain its relevance to this action.

As for Plaintiffs' allegation that Defendants violated Hawaii state law, Count V is wholly conclusory, not even paying lip service to the general elements of a claim for violation of Hawaii Revised Statutes ("HRS") § 480-13. *See Tokuhisa v. Cutter Mgmt. Co.*, 122 Haw. 181, 196, 223 P.3d 246, 261 (Haw. App. 2009) ("Thus, § 480-13 establishes four essential elements: (1) a violation of chapter 480; (2) injury to plaintiff's business or property resulting from such violation; (3) proof of the amount of damages; and (4) a showing that the action is in the public interest or that the defendant is a merchant." (quoting *Ai v. Frank Huff*

*Agency, Ltd.*, 61 Haw. 607, 617, 607 P.2d 1304, 1311 (1980))).  Because Plaintiffs have not pled "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, the court DISMISSES Count V with leave to amend.

       *5.*      *Counts VI, VII and X*

      Count VI, titled "Breach of Fiduciary Duties," asserts that Plaintiffs trusted "defendant and one or more of them" in entering into the loan, and that "defendant or one or more of them breached their fiduciary duties to Plaintiffs" by, among other things, "making misrepresentations of material fact, omitting to make disclosures of various material facts, [and] not properly qualifying them for the subject loan."  Am. Compl. ¶¶ 77-78.  Count VII, titled "Failure to Act in Good Faith," similarly alleges that "defendant or one or more of them owed [Plaintiffs] a duty to deal with them in good faith and in a fair manner," *id.* ¶ 82, and breached this duty through various misrepresentations and omissions.  *Id.* ¶¶ 83-84.  Finally, Count X, titled "Unjust Enrichment," alleges that "as a result of the various wrongful acts and/or omissions made by defendant or one or more of them, defendant or one or more of them have been unjustly enriched . . . ."  *Id.* ¶ 93.

      Again, these allegations are only threadbare recitals of the general elements of each of these causes of action.  Plaintiffs fail to plead any factual

allegations to suggest that these claims are plausible, and it remains unclear precisely who Plaintiffs allege these claim against and how BAC is liable for these claims if it merely purchased the loan from Countrywide.  Accordingly, the court DISMISSES Counts VI, VII, and X with leave to amend.

  6.  *Count VIII*

Count VIII, titled "Injunctive Relief," asserts that Plaintiffs are entitled to injunctive relief and a stay of any foreclosure proceedings until Plaintiffs' claims are resolved.  *Id.* ¶ 88.  Plaintiff's injunctive relief claim therefore appears to be a request for relief derivative of his other claims, and not a stand-alone claim.  Because the court dismisses Plaintiffs' other claims as described above and below, the court likewise DISMISSES Count VIII with leave to amend.

  7.  *Count IX*

Count IX, labeled "Recoupment" alleges that "[a]s a result of the various wrongful acts and/or omissions made by defendant or one or more them, [Plaintiffs] are entitled to equitable recoupment of all monies paid by them with regard to the subject loan transaction . . . ."  *Id.* ¶ 92.

As with Plaintiffs' other claims, this allegation is wholly conclusory and provides no factual basis for why Plaintiffs are entitled to recoupment from BAC.  The court further notes that it is unclear on what basis Plaintiffs assert this

claim -- TILA makes recoupment available only as a "defense" in an "action to collect a debt," 15 U.S.C. § 1640(e), and some courts have held that to support a recoupment claim, a plaintiff must show that "(1) the TILA violation and the debt are products of the same transaction, (2) the debtor asserts the claim as a defense, and (3) the main action is timely." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986) (internal citations omitted); see also *Agustin v. PNC Fin. Servs. Group*, --- F. Supp. 2d ---, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010). Accordingly, the court DISMISSES Count IX with leave to amend.

   8.  *Count XI*

Count XI, asserting claims for NIED and/or IIED, alleges that:

> Defendant or one or more of them breached their duties by causing [Plaintiffs] to suffer severe mental and emotional distress, by misleading them, entering into a loan they were not properly qualified for, in causing them to lose their savings, by giving them false hope they were qualified for a loan modification, that they would be allowed loan assistance or modification on reasonable terms that would allow [Plaintiffs'] to keep their interest in the Property, among other things.

Am. Compl. ¶ 97.

  Neither the allegations in Count XI nor the other portions of the Amended Complaint sufficiently identify Defendants' conduct that supports this claim -- the allegations are simply too generalized and lacking in clarity to satisfy

the requirements of Rule 8, and as pled, it does not appear that BAC engaged in any conduct that would support an NIED or IIED claim. Accordingly, the court DISMISSES Count XI with leave to amend.

## V.  CONCLUSION

Based on the above, the court GRANTS BAC's Motion. Plaintiff is GRANTED LEAVE to file a second amended complaint by August 2, 2010. Failure to submit a second amended complaint by August 2, 2010 will result in automatic dismissal of this action as to BAC.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 7, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Kapahu et al. v. BAC Home Loans Servicing, LP et al,*, Civ. No. 10-00097 JMS/BMK, Order Granting Defendant BAC Home Loans Servicing, LP's Motion to Dismiss, or in the Alternative, for a More Definite Statement